IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DAVID R. GONZALEZ § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action B-05-23 |
| § | |
| ALLSTATE TEXAS LLOYD'S and § | |
| ARNIE OLIVAREZ d/b/a/ § | |
| INSURANCE ASSOCIATES § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

BE IT REMEMBERED that on May 5, 2005, the Court considered the plaintiff's Motion to Remand. Dkt. No. 5. For the following reasons, the Court **GRANTS** the Motion.

### I. Factual and Procedural Background

Defendant Allstate Texas Lloyd's ("Allstate") is a licensed insurance company authorized to conduct business in the State of Texas and is considered a resident of Illinois and Virginia. Defendant Arnie Olivarez d/b/a Insurance Associates ("Olivarez") is a Texas resident. Plaintiff David R. Gonzalez ("plaintiff") is also a Texas resident.

Plaintiff procured an insurance policy from Allstate covering his home in Harlingen, Texas. During the policy term, plaintiff's house sustained water damage from pin hole leaks in the plumbing system. In February of 2002, plaintiff called his insurance agent, Olivarez, and informed him of the leaks. Olivarez allegedly told plaintiff that his Allstate policy did not cover the water damage. Relying on Olivarez's representations, plaintiff personally paid for all of the necessary repairs. According to the original complaint, plaintiff discovered that his Allstate policy did cover the water damage in August, 2002. On January 2, 2003, Allstate sent plaintiff

1

a letter partially denying his claims.

On December 30, 2004, plaintiff filed a cause of action against Allstate and Olivarez in the 107th Judicial District Court of Cameron County, Texas. The complaint alleges that Olivarez intentionally misrepresented the coverage of the insurance policy. Additionally, the complaint avers that Allstate mishandled his insurance claim. Accordingly, plaintiff sues the defendants for violations of the covenant of good faith and fair dealing, the Texas Insurance Code ("TIC"), the Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, negligence, negligent misrepresentation, and fraud.

On February 1, 2005, despite Olivarez and the plaintiff both hailing from Texas, the defendants filed for removal basing jurisdiction on diversity. Dkt. No. 1. According to the defendants, plaintiff improperly joined Olivarez and therefore, his residency should be ignored for diversity purposes. The defendants argue that to establish a party's improper joinder, the removing party must demonstrate the lack of a reasonable possibility that the plaintiff could establish a cause of action against the in-state defendant in state court. Id. (citing B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)). Defendants claim that plaintiff cannot establish a cause of action against Olivarez for two reasons. First, Texas law precludes Olivarez from being held individually liable for the claims of breach of contract and breach of the duty of good faith and fair dealing. Id. (citing to Griggs v. State Farm Lloyd's, 181 F.3d 694, 700 (5th Cir. 1999)). Secondly, the plaintiff's TIC and DTPA claims are time barred. See Tex.Bus.&Com.Code Ann. § 17.565; Tex.Ins.Code Ann. art. 21.21, § 16(d). Although not entirely explicit, the defendants apparently allege that two year statute of limitations for the TIC and DTPA claims began when Olivarez made the alleged misrepresentations in February of 2002. If this were the case, the logic goes, plaintiff filed his claims approximately ten months late.

On February 18, 2005, plaintiff motioned for remand. Dkt. No. 5. In essence, the motion states that the statute of limitations on the TIC and DPTA claims did not commence until plaintiff received Allstate's letter partially denying his claim in January of 2003. The plaintiff does not, however, address the defendants' contention that the Olivarez claims are

2

time barred. Rather, the plaintiff focuses his statue of limitations discussion on the Allstate claims. The motion further seeks attorney's fees. Specifically, the plaintiff argues that the defendants lacked objectively reasonable grounds for removal and requests $750.00 for five (5) hours of work at a rate of $150.00 per hour.

On March 10, 2005, the defendants filed their response to plaintiff's motion to remand. Dkt. No. 8. Therein, the defendants argue that an action accrues on the date of the alleged violation. Id. (citing Franco v. Slavonic Mut. Fire Ins., 154 S.W.3d 777, (Tex.App. - Houston 2004)). Accordingly, since Olivarez allegedly misrepresented facts to plaintiff in February, 2002, the two year statue of limitations precludes plaintiff's claims against Olivarez filed in December, 2004. The defendants argue that because the plaintiff's actions against Olivarez are time barred, Olivarez was improperly joined and diversity jurisdiction exists.

On March 24, 2005, the plaintiff replied to the defendants' response. Dkt. No. 9. Initially, the plaintiff noted that neither the defendants' notice of removal nor their response to plaintiff's motion to remand address the plaintiff's claims for breach of fiduciary duty and fraud against Olivarez. According to the plaintiff, even if the TIC and DPTA claims were time barred, his claims for breach of fiduciary duty and fraud are still viable since the applicable statute of limitations for these claims is four years. Tex.Civ.Prac.&Rem.Code, § 16.004(a)(4); see also G.L. Harris v. Am. Protection Ins. Co., 158 S.W.3d 614 (Tex.App. - Forth Worth 2005). As such, Olivarez was not improperly joined and diversity jurisdiction does not exist. Concerning the TIC and DPTA claims, moreover, the plaintiff argues that the "discovery rule" may delay the accrual of a cause of action until a person knows or should have known of his or her injury. Id. (citing Murphy v. Campbell, 964 S.W.2d 265, 269-70 (Tex. 1997)). The plaintiff argues that instead of discovering the falsity of Olivarez's representations in August of 2002, as stated in the original complaint, that he "made a claim for other water damage in August 2002 [and that it] was not until January 2, 2003 that the representations of [Olivarez] made in February 2002 were determined to be false." Id. at p.3. Therefore, according to the plaintiff, the statute of limitations began running on his TIC and DTPA claims when he received Allstate's letter.

**II.    Standard of Review**

3

Federal courts are courts of limited jurisdiction. Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803). Therefore, a suit presumptively lies beyond a federal court's dominion. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). Because the removal statute is construed in favor of remand, ambiguities are resolved against removal. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000); 28 U.S.C. § 1441(a). Furthermore, the removing party bears the burden of establishing the propriety of federal jurisdiction. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

Pursuant to 28 U.S.C. § 1441(a), any civil action filed in state court over which a federal district court has original jurisdiction may be removed. Id. Original jurisdiction is met if both the parties are completely diverse and the amount in controversy exceeds $75,000.00. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1332(a)(1)). The parties do not contest that the amount in controversy is satisfied here. Rather, the parties disagree on the presence of diversity jurisdiction.

"'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)). Improper joinder,[1] however, is a very narrow exception to the complete diversity requirement. Smallwood v. Il. Central R. Co., 352 F.3d 220, 222 (5th Cir. 2003) (Smallwood II); McDonald v. Abbot Laboratories, 2005 WL 957142, at *4 (5th Cir. 2005). A defendant can establish improper joinder in one of two ways: (1) actual fraud in the jurisdictional pleadings of fact, or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Il. Central R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (Smallwood III). The present case concerns only the latter avenue. To satisfy this second prong, the defendant must establish that there "is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. (citing Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003)); see also Hornbuckle

---

[1]The Fifth Circuit recently renamed the doctrine of "fraudulent joinder" as "improper joinder." See Smallwood v. Il. Central R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004). This Court, therefore, will adhere to the revised nomenclature.

4

v. State Farm Lloyds, 385 F.3d 538, 542 (5th Cir. 2004) (concluding that a finding of improper joinder "depends on whether there is arguably a reasonable basis for predicting that the state law might impose liability on the resident defendant on the facts involved, or whether there was a reasonable basis in law and fact for the claim against the resident defendant" (internal quotations and citations omitted)). In order to resolve this issue, the Court should "conduct a [Federal Rules of Civil Procedure] Rule 12(b)(6) - type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claims under state law against the in-state defendant." Smallwood III, 385 F.3d at 573. The Court, however, is not restricted to the pleadings filed in state court and may "consider summary judgment-type evidence . . . ." Travis, 326 F.3d at 649; Smallwood III, 385 F.3d at 573. In order to meet its heavy burden, the defendant must "put forward evidence that would negate a possibility of liability on the part" of the non-diverse defendant. McKee v. Kansas City Southern Ry. Co., 358 F.3d 329, 333-34 (5th Cir. 2004); see also Jones v. Nastech Pharm., 319 F. Supp. 2d 720, 723 (S.D.Miss. 2004) ("The removing party must prove fraudulent joinder by clear and convincing evidence." (citing Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 186 (5th Cir. 1990)). Importantly, however, when the aim of this analysis is to "determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Smallwood III, 385 F.3d at 573. Lastly, factual issues and any ambiguities in state law are resolved in the plaintiffs' favor. Travis, 326 F.3d at 649.

**III.   Discussion**

    **A.   Improper Joinder of Olivarez**

Texas courts employ a "fair notice" pleading standard requiring that an opposing attorney of reasonable competence be able to determine "from the pleading the nature and basic issues of the controversy . . . ." Penley v. Westbrook, 146 S.W.3d 220, 232 (Tex.App.-Fort Worth 2004); City of Alamo v. Casas, 960 S.W.2d 240, 251 (Tex.App.-Corpus Christi 1998); Tex.R.Civ.Pro. Rule 45 (b), 47(a); see also Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); Castellanos v. Bridgestone Corp., 215 F. Supp. 2d 862, 864 (S.D.Tex. 2002). "In determining whether a cause of action is pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to

ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment." Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979); Coffey v. Johnson, 142 S.W.3d 414, 417 (Tex.App. - Eastland 2004). In Texas, to proceed with a claim of fraud, the plaintiff must establish: (1) that the defendant made a material representation; (2) that the representation was false; (3) that the defendant either knew that the representation was false or made it recklessly as a positive assertion; (4) that the defendant expected the plaintiff to act or refrain from action in reliance upon the misrepresentation; (5) that the plaintiff did act or refrain in reliance upon the misrepresentation; and (6) that damage resulted. See T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 222 (Tex. 1992); Ernst & Young v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 578 (Tex. 2001); Herrin v. The Med. Protective Co., 89 S.W.3d 301, 305 (Tex. App. - Texarkana 2002); Jones v. Texas Dep't of Protective and Regulatory Servs., 85 S.W.3d 483, 491 (Tex.App. - Austin 2002) ("At common law, fraud refers to 'an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage.'" (quoting Vela v. Marywood, 17 S.W.3d 750, 760 (Tex.App. - Austin 2000))).

>The plaintiff's original complaint provides the following allegations against Olivarez.

>The conduct of Defendant [Olivarez] was irresponsible, unconscionable, and took advantage of the Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree. On or about February, 2002, Plaintiff called his insurance agent Defendant [Olivarez], and informed [Olivarez], that he had discovered pin holes [sic] leaks in the plumbing system of his home. Plaintiff was told by [Olivarez] that his [Allstate policy] did not cover water damage resulting from pin hole leaks in his plumbing system of his home. Plaintiff relied on these misrepresentations and paid for all the necessary repairs from his own personal funds. On or about August 2002, Plaintiff discovered that his [Allstate policy] did in fact provide coverage for the damages resulting from the pin hole leaks in his home. . . .
>...
>The conduct of [Allstate] and [Olivarez] constituted . . . actionable fraud.

Dkt. No. 1, Plaintiff's Original Complaint, ¶¶ IX, X. The pleading satisfies the reasonable notice requirement and states a fraud cause of action against Olivarez. The Court finds

material the alleged misrepresentations concerning the coverage of the insurance policy. See Shandee Corp. v. Kemper Group, 880 S.W.2d 409, 413 (Tex.App. - Houston 1994); Herrin, 89 S.W.3d at 306. The plaintiff also asserts that Olivarez's conduct "was irresponsible, unconscionable, and took advantage of the Plaintiff's lack of sophistication," thereby satisfying the intentional or reckless element. The plaintiff alleges that in reliance on Olivarez's misrepresentations, he incurred damages by paying for the home's repairs. Therefore, the plaintiff's pleadings satisfy the fair notice requirement for a claim of fraud.[2]

As noted above, the statute of limitations for fraud is four years. Tex. Civ. Prac. & Rem.Code Ann. § 16.004(a)(4); G.L. Harris, 158 S.W.3d at 614; Herrin, 89 S.W.3d at 307. Accordingly, even if the fraud action accrued in February, 2002, as the defendants allege for the other claims, the plaintiff's fraud claim has yet to expire. The defendants fail to argue or set forth any facts establishing why there is not a "reasonable basis for predicting that the state law might impose liability on the resident defendant on the facts involved" concerning the plaintiff's fraud claim. Smallwood III, 385 F.3d at 573; Travis, 326 F.3d at 649; see Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) ("[T]he burden of persuasion on those claiming fraudulent joinder remains a heavy one."). Accordingly, the defendants have failed to carry their burden in establishing the propriety of diversity jurisdiction.[3] As such, the Court lacks the requisite subject matter jurisdiction to entertain this case.

### B.   Attorney's Fees

The plaintiff moves for attorney's fees. Title 28 of the United States Code, § 1447(c), provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In determining the propriety of attorney's fees under § 1447(c), the Court must determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." Valdes v. Wal-

---

[2]The Court expresses no opinion on whether plaintiff's complaint adequately asserts an action for breach of fiduciary duty.

[3]In light of the Court's analysis, it need not address whether the applicable statute of limitations time bars the plaintiff's causes of action under the TIC and DPTA.

Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000).  The decision to award attorney's fees is reviewed under an abuse of discretion standard.  Hornbuckle, 385 F.3d at 541.

The defendants never address why the plaintiff lacks a reasonable basis in succeeding in his fraud claim against Olivarez.  The Court, as discussed above, found that the plaintiff clearly alleges a cause of action for fraud.  Therefore, the Court finds that the defendants did not have an objectively reasonable basis for removing this case.  The Court further determines reasonable the plaintiff's request for $750.00 in attorney's fees ($150.00 per hour for 5 hours of work).

## IV.  Conclusion

Premises considered, the defendants have failed to establish that Olivarez was improperly joined.  Therefore, removal was inappropriate due to a lack of complete diversity.  The Court **GRANTS** plaintiffs' motion to remand.  Dkt. No. 5.  The Court **REMANDS** this cause of action to the 107th Judicial District Court of Cameron County, Texas.  The Clerk is instructed to effect the remand immediately.

The Court further **GRANTS** plaintiff's motion for attorney's fees in the amount of $750.00.

The Court's decision **MOOTS** the defendants' Pleas in Abatements, Dkt. Nos. 7 & 11, Olivarez's "Motion for Leave to Appear for Attorney in Charge," Dkt. No. 13, and Allstate's "Motion for Leave to Appear for Attorney in Charge," Dkt. No. 14.

The Court further **CANCELS** the Initial Pretrial Conference set for May 6, 2005, at 10:30 a.m.  Dkt. No. 10.

DONE at Brownsville, Texas, this 5th day of May, 2005.

_Hilda Tagle_

Hilda G. Tagle
United States District Judge